## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

LANDMARK TECHNOLOGY, LLC,

       Plaintiff,

v.

CHOICE HOTELS INTERNATIONAL, INC.,

       Defendant.

CASE NO.  6:14-cv-898

**<u>JURY TRIAL DEMANDED</u>**

### <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

       Plaintiff Landmark Technology, LLC ("Landmark"), for its Complaint against Choice Hotels International, Inc. ("Defendant"), alleges as follows:

### <u>JURISDICTION AND VENUE</u>

       1.      This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq*.

       2.      This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

       3.      This Court has personal jurisdiction over Defendant because Defendant has transacted and is transacting business in the Eastern District of Texas that includes, but is not limited to, the use of products and systems that practice the subject matter claimed in the patents involved in this action.

       4.      Venue is proper in this district under 28 U.S.C. §1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District where Defendant has done business and committed infringing acts and continues to do business and to commit infringing acts.

## PARTIES

5.      Plaintiff Landmark Technology, LLC ("Plaintiff") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 719 W. Front Street, Suite 157, Tyler, Texas 75702.

6.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Choice Hotels International, Inc. ("Choice Hotels") is a corporation organized under the laws of the State of Virginia, with its principal place of business at 1 Choice Hotels Circle Suite 400, Rockville, Maryland 20850.  Plaintiff is further informed and believes, and on that basis alleges, that Choice Hotels is in the business of renting and operating hotels and lodging, and derives a significant portion of its revenue from transactions placed and information delivered using at least, but not limited to, its iOS application (the "App").  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Choice Hotels has done and continues to do business in this judicial district, including, but not limited to, renting hotels and distributing information to customers located in this judicial district by way of its App and related server(s).

## FACTS

7.      On September 11, 2001, United States Patent No. 6,289,319 entitled "Automated Business and Financial Transaction Processing System" was duly and legally issued to Lawrence B. Lockwood as inventor.  A true and correct copy of United States Patent No. 6,289,319 is attached hereto as Exhibit "A" and incorporated herein by this reference.  Following a reexamination of Patent No. 6,289,319, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate, Number US 6,289,319 C1, on July 17, 2007, confirming the validity of all six (6) original claims and allowing twenty-two (22) additional claims.  A true and correct copy of Ex Parte Reexamination Certificate, Number US 6,289,319 C1 is attached hereto as Exhibit "B" and incorporated herein by this reference.  Following a second reexamination of Patent No. 6,289,319, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate, Number US 6,289,319 C2, on Jan 31, 2013, confirming the validity of all twenty eight (28) original claims.  A true and correct copy of Ex Parte Reexamination

COMPLAINT FOR PATENT INFRINGEMENT

Certificate, Number US 6,289,319 C2 is attached hereto as Exhibit "C" and incorporated herein by this reference (United States Patent No. 6,289,319, together with the additional claims allowed by Ex Parte Reexamination Certificate, Number US 6,289,319 C1, and reaffirmed by Ex Parte Reexamination Certificate, Number US 6,289,319 C2 shall hereinafter be referred to as the "'319 Patent.")  On September 1, 2008, Lockwood licensed all rights in the '319 Patent to Plaintiff.  Plaintiff is the exclusive licensee of the entire right, title and interest in and to the '319 Patent, including all rights to enforce the '319 Patent and to recover for infringement.  The '319 Patent is valid and in force.

8.     On or about September 19, 2014, Plaintiff provided notice to Defendant informing Defendant of the '319 Patent and that Defendant's actions, as more fully described below, constituted infringement of the '319 Patent.

9.     As more fully laid out below, Defendant has been and is now infringing the '319 Patent, in this judicial district and elsewhere, by selling its services and distributing related information using its App and related server(s), which, individually or in combination, incorporate and/or use subject matter claimed by the '319 Patent.

## FIRST CLAIM FOR RELIEF

### (Direct Infringement of the '319 Patent, in Violation of 35 U.S.C. § 271(a))

10.    Plaintiff refers to and incorporates herein by reference paragraphs 1-9.

11.    The claims of the '319 Patent relate to "an automated data processing system for processing business and financial transactions between entities from remote sites" comprising a variety of features.

12.    The App and server(s) are "an automated data processing system for processing business and financial transactions between entities from remote sites" practicing the claims of the '319 Patent.

13.    By way of example only, and not limited to, Defendant's App and server(s) infringe claims of the '319 Patent in that the App and server(s) provide a system that practices all

of the limitations of the claims and on which Defendant processes business transactions, including:

        a.      The App and server(s) are an automatic data processing system for processing business and financial transactions between entities from remote sites running the Defendant's App, which is in communication with the Defendant's server.

        b.      Defendant's system includes a central processor (the server(s) and supporting systems) programmed and connected to process a variety of inquiries and orders transmitted from the App running at said remote sites.  Defendant's system allows for a broad range of transactions, thus a range of orders are possible.  The system processes a "variety of inquiries," such as inquiries regarding product information.

        c.      The system is operated through a terminal at each of said remote sites, which includes a data processor and operates in response to operational sequencing lists of program instructions (the App).

        d.      The App and server(s) practice all of the remaining limitations of claims of the '319 Patent.

14.    Defendant, therefore, by the acts complained of herein, is making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, products and/or services embodying the invention, and has in the past and is now continuing to infringe the '319 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

15.    Defendant threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required.  Plaintiff does not have an adequate remedy at law to compensate it for the injuries threatened.

COMPLAINT FOR PATENT INFRINGEMENT

16.     By reason of the acts of Defendant alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

17.     Plaintiff is informed and believes, and on that basis alleges, that the infringement by Defendant is willful, wanton, and deliberate, without license and with full knowledge of the '319 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.     For an order finding that the '319 Patent is valid and enforceable;

B.     For an order finding that, by the acts complained of herein, Defendant has directly infringed the '319 Patent in violation of 35 U.S.C. § 271;

C.     For an order finding that Defendant has willfully infringed the '319 Patent;

D.     For an order temporarily, preliminarily and permanently enjoining Defendant, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '319 Patent;

E.     For an order directing Defendant to deliver to Plaintiff for destruction or other disposition all infringing products and systems in its possession;

F.     For an order directing Defendant to file with the Court, and serve upon Plaintiff's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which Defendant has complied with the injunction;

G.     For an order awarding Plaintiff general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Defendant's profits or gains of any kind from its acts of patent infringement;

COMPLAINT FOR PATENT
INFRINGEMENT

H.      For an order awarding enhanced damages pursuant to 35 U.S.C. § 284 due to the willful and wanton nature of Defendant's infringement;

I.      For an order awarding Plaintiff all of its costs, including its attorneys' fees, incurred in prosecuting this action, including, without limitation, pursuant to 35 U.S.C. § 285 and other applicable law;

J.      For an order awarding Plaintiff pre-judgment and post-judgment interest; and

K.      For an order awarding Plaintiff such other and further relief as the Court may deem just and proper.

DATED:  December 8, 2014                    Respectfully Submitted,

                                            By: /s/ Charles Ainsworth_____

                                            Charles Ainsworth
                                            State Bar No.  00783521
                                            Robert Christopher Bunt
                                            State Bar No. 00787165
                                            PARKER, BUNT & AINSWORTH, P.C.
                                            100 E. Ferguson, Suite 1114
                                            Tyler, TX 75702
                                            903/531-3535
                                            903/533-9687
                                            E-mail: charley@pbatyler.com
                                            E-mail: rcbunt@pbatyler.com

                                            Attorneys for Plaintiff,
                                            Landmark Technology, LLC